IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSEPH WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. CV412-106 |
| | ) | |
| ERIC SELLERS, Warden, Georgia | ) | |
| Diagnostic and Classification | ) | |
| Prison, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## O R D E R

Before the Court is Petitioner Joseph Williams' Motion for Reconsideration of the Court's Procedural Default Order and to Amend Petition for Writ of Habeas Corpus. (Doc. 95.) In his motion, Petitioner requests that this Court partially reconsider its prior order dismissing many of Petitioner's claims as insufficiently pled. For the following reasons, Petitioner's motion (Doc. 95) is **DENIED**.

## BACKGROUND

In 2004, Petitioner was convicted and sentenced to death by the Superior Court of Chatham County for the murder of Michael Deal. (Doc. 11, Attach. 4 at 52-55; Doc. 9, Attach. 32 at 71.) After the completion of his direct appeal and state habeas court proceedings, Petitioner Williams filed a petition for habeas corpus in this Court, pursuant to 28 U.S.C. § 2254, challenging

his conviction and death sentence on a number of grounds. (Doc. 1.) Petitioner raised nine general claims and numerous subclaims. (Id.)

After Petitioner filed his petition for habeas corpus, Respondent requested that the Court impose a truncated scheduling order to ensure the efficient disposition of Petitioner's claims. (Doc. 8.) Petitioner, however, opposed Respondent's briefing schedule and requested that the Court implement a scheduling order that would allow Petitioner the opportunity to fully develop each of his claims prior to briefing the merits of his petition. (Doc. 24.) After considering Petitioner's concerns, the Court implemented a scheduling order that provided Petitioner with the opportunity to separately request discovery and move for an evidentiary hearing. (Doc. 26.) In addition, the Court's scheduling order directed the parties to brief issues of procedural default, cause and prejudice, and the miscarriage of justice prior to briefing the merits of Petitioner's claims. (Id.)

After the Court considered Petitioner's Motion to Conduct Discovery and Motion for Evidentiary Hearing, Petitioner filed his brief on procedural bar, exhaustion, and miscarriage of justice on September 14, 2017. (Doc. 69.) In that briefing, Petitioner abandoned several of the claims he raised in his petition, including Claim III, Claim VI, Claim VIII, Claim IX, and several subclaims of Claim IV. (Doc. 81 at 13.) Petitioner, however, argued

that he should be permitted to brief the merits of Claim I, Claim II, Claim IV, Claim V, and Claim VII. (Doc. 69.) In opposition, Respondent argued that many of Petitioner's claims should be dismissed because they were procedurally defaulted or improperly pled. (Doc. 73.)

In the order at issue, the Court conducted a claim by claim analysis to determine which claims Petitioner would be permitted to brief on the merits. (Doc. 81 at 13.) Ultimately, the Court determined that Petitioner is not permitted to brief the merits of Claim II, Claim III, Claim IV, Claim V, Claim VI, Claim VII, Claim VIII, or Claim IX. (Id. at 47.) As for Claim I, the Court found that most of Petitioner's subclaims were insufficient to warrant review on the merits. (Id. at 27.) Particularly, the Court noted that "[h]abeas petitioners must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). Accordingly, "generalized allegations are insufficient" and habeas petitions must contain "fact pleading as opposed to notice pleading." Hittson v. GDCP Warden, 759 F.3d 1210, 1265 (11th Cir. 2014). In light of the heightened pleading standards and guidance from Hittson, the Court found that forty of Petitioner's subclaims related to alleged errors by his trial counsel were "inherently conclusory" and failed to meet the heightened pleading standards of Rule 2(c). (Doc. 81 at 27.) Although many of Petitioner's claims were insufficiently

pled, the Court found that two of Petitioner's claims were sufficiently pled as to allow Petitioner to brief them on the merits.[1] (Id. at 29-33.)

Now, Petitioner has filed a Motion for Reconsideration. (Doc. 95.) In his motion, Petitioner challenges the Court's ruling that many of his ineffective assistance of counsel claims were insufficiently pled and, therefore, insufficient to warrant review on the merits. (Id.) Petitioner requests that the Court reconsider its dismissal of these claims or permit him to amend several of the claims. (Id.)

**ANALYSIS**

I.    STANDARD OF REVIEW

"The decision to alter or amend judgment is committed to the sound discretion of the district judge . . . ." Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985) (internal citations omitted). "Reconsideration of an earlier order is an extraordinary remedy, which should be permitted sparingly." Hesed-El v. McCord, No. CV117-146, 2019 WL 5092476, at

---

[1] In its order, the Court permitted Petitioner to brief two claims, one of which is his trial counsel's alleged failure to investigate and present mitigation evidence related to Petitioner's background and metal health. (Doc. 81 at 32.) The Court notes that this claim survived because the Court construed twenty subclaims as one general allegation. (Id.)

*1 (S.D. Ga. Oct. 10, 2019) (citing <u>Ceja v. United States</u>, No. CV115-018, 2017 WL 3401459, at *1 (S.D. Ga. Aug. 8, 2017)).

Under Federal Rule of Civil Procedure 54(b),

> any order or other decision, however designated, that adjudicates fewer than all claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).[2] "This rule gives district courts discretion to reconsider interlocutory orders." <u>Jones Creek Inv'rs, LLC v. Columbia Cty., Ga.</u>, No. CV111-174, 2016 WL 593631, at *2 (S.D. Ga. Feb. 12, 2016) (citing <u>Herman v. Hartford Life & Acc. Ins. Co.</u>, 508 F. App'x 923, 927 n.1 (11th Cir. 2013)). An order dismissing some, but not all, claims raised in a petition for habeas corpus is an interlocutory order. See <u>Fults v. Upton</u>, No. 3:09-CV-86-TWT, 2011 WL 530384, at *2 (N.D. Ga. Feb. 4, 2011) ("[T]he Court's Order granting in part and denying in part the Respondent's motion to dismiss [based on unexhausted and procedurally defaulted claims] was not a final order."). In this case, the Court's prior order

---

[2] Respondent argues that Petitioner's motion is governed by Federal Rule of Civil Procedure 59(e). (Doc. 97 at 2.) Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Accordingly, Respondent argues that Petitioner's motion for reconsideration is untimely. (Doc. 97 at 2.)  The Court disagrees and finds that Rule 54(b) more appropriately governs this motion because its prior order was an interlocutory order.

was an interlocutory order and, therefore, may be revised pursuant
to Rule 54(b).

Typically, a motion for reconsideration is not granted unless
there is "an intervening change in controlling law, the
availability of new evidence, [or] the need to correct clear error
or prevent manifest injustice." Godby v. Electrolux Corp., No.
1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994);
Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010).
Moreover, " '[m]otions for reconsideration should not be used to
raise legal arguments which could and should have been made before
the judgment was issued.' " Jones Creek Inv'rs, 2016 WL 593631, at
*2 (quoting Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th
Cir. 1998)); see also Fults, 2011 WL 530384, at *1.

In his motion for reconsideration, Petitioner neither
contends that there has been an intervening change in the law nor
that there is newly discovered evidence that would cause this Court
to reconsider its prior ruling. As a result, this Court must decide
whether Petitioner has shown that there was clear error in this
Court's dismissal of Petitioner's claims based on the claims being
insufficiently pled.

II. MOTION FOR RECONSIDERATION

To begin, Petitioner contends that this Court's prior order
dismissing many of Petitioner's claims for being insufficiently
pled was incorrect because his "articulation of claims in the

federal habeas petition was done in conformity with the standards of practice in this district . . . ." (Id. at 6.) After a careful review of this Court's prior ruling and Petitioner's Motion for Reconsideration, the Court sees no reason to revisit its dismissal of Petitioner's claims. The Court, however, will briefly discuss Petitioner's arguments.

First, Petitioner asserts that his claims became insufficient only after this district changed its pleading standards for habeas petitions in Arrington v. Warden, No. CV117-022, 2017 WL 4079405, at *1 (S.D. Ga. Sept. 14, 2017). However, even prior to Arrington, this district found that "those who see habeas relief cannot simply laundry-list their claims and hope that the court will develop . . . them on their behalf." Jeffcoat v. Brown, No. CV412-176, 2014 WL 1319369, at *8 (S.D. Ga. Mar. 27, 2014) (citing Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)). More importantly, the Court did not dismiss Petitioner's claims based only on the pleading standards of this district. Rather, the Court found that Petitioner's claims were insufficiently pled based on the heightened pleading requirements of 28 U.S.C. § 2254 Rule 2(c) and based on the Eleventh Circuit's interpretation of Rule 2(c) in Hittson v. GDCP Warden, 759 F.3d 1210, 1265 (11th Cir. 2014).[3]

---

[3] In a footnote, Petitioner argues that Hittson does not justify the Court's dismissal of his claims because, in contrast to the claims in Hittson, Petitioner's claims "alleged specific facts identifying the particular acts and omissions of trial counsel .

Accordingly, Petitioner's argument regarding the pleading requirements of this district is meritless.

Next, Petitioner argues that his claims met the pleading requirements of Rule 2(c) because "this case proceeded for years without any complaints by Respondent or the Court that the petition for writ of habeas corpus failed to set forth each of [Petitioner's] claims adequately . . . ." (Doc. 95 at 10.) Accordingly, Petitioner asserts that his claims must have been "articulated with facts sufficient to put the Court and opposing counsel on notice of what [Petitioner] had alleged." (Id. at 7.) However, habeas petitions must contain "fact pleading as opposed to notice pleading." Arrington v. Warden, No. CV117-022, 2017 WL 4079405, at *1 (S.D. Ga. Sept. 14, 2017) (quoting Hittson, 759 F.3d at 1265 (internal quotation marks omitted); see also Jeffcoat, 2014 WL 1319369, at *8. Regardless of whether Respondent or the Court had notice of the factual allegations related to Petitioner's claims, Petitioner cannot ignore the pleading requirement of Rule 2(c). As Petitioner states, this case has been pending for approximately eight years. Throughout those years, Petitioner had knowledge of Rule 2(c)'s heightened pleading requirements. See Arrington, 2017 WL 4079405, at *1 ("Any petitioner . . . is

---

. . . ." (Doc. 95 at 7 n.2.) The Court fully addressed the similarity between the claims in Hittson and Petitioner's claims in its prior order and, therefore, will not revisit its findings. (Doc. 81.)

therefore put on ample notice that facts must be used to support his petition."). Moreover, after several filings regrading discovery, Petitioner had ample opportunity and access to the evidence necessary to conform his claims to the requirements of Rule 2(c). See Hittson, 759 F.3d at 1265 n.63 ("[T]he habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterward."). Considering his access to evidence, the age of his petition, and his awareness of Rule 2(c), Petitioner cannot now argue that it was Respondent's responsibility to highlight the insufficiently pled claims. Petitioner cannot use a motion for reconsideration to include the necessary facts he " 'could and should have [included] before the judgment was issued.' " Jones Creek Inv'rs, 2016 WL 593631, at *2 (quoting Lockard, 163 F.3d at 1267).

III. REQUEST TO AMEND PETITION

Alternatively, Petitioner requests that the Court grant him the opportunity to amend several claims that the Court dismissed as insufficiently pled. (Doc. 95 at 10.) Petitioner argues that he should be allowed to amend his claims because "the Court provided [Petitioner] no opportunity to address the Court's concerns or to take steps to cure any error." (Id. at 11.) Moreover, Petitioner maintains that "the Habeas Rules contemplate that, if a court finds

9

a petition fails to meet the requirements of Rule 2(c), the petitioner will be given the opportunity to submit an amended petition." (Id. at 14.)

Petitioner is correct that the Notes of the Advisory Committee on the 2004 Amendments to the Habeas Rules direct district courts to "accept a defective petition, with the condition that the petitioner submit a corrected petition." Benjamin v. Sec'y for Dept. of Corr., 151 F. App'x 869, 874 n.9 (11th Cir. 2005) (citing Habeas Rule 2, Rules Governing Habeas Cases, Notes of Advisory Committee on 2004 Amendments). However, these notes refer to a district court's dismissal of the entire habeas petition at the onset of a case. See Benjamin, 151 F. App'x at 874 n.9; Cooper v. Sec'y, No. 8:12-cv-1947-CEH-TBM, 2015 WL 2365913, at *1 (M.D. Fla. May 18, 2015). Here, the Court did not dismiss all of Petitioner's claims at the onset of this case. In contrast, the Court permitted Petitioner to litigate several issues for several years. Moreover, the Court granted Petitioner's request to separately brief the issues of procedural default and exhaustion. (Doc. 24.) In fact, Petitioner stated that his "proposed schedule not only reduces the risk of unnecessary supplemental briefing, it provides the time necessary to ensure full and accurate briefing on all the issues . . . ." (Doc. 24 at 13-14.) Although Petitioner was on notice that the Court intended to thoroughly review which claims he would be permitted to brief on the merits, Petitioner did not supplement

10

his claims with the necessary factual support. Petitioner cannot now request to amend his claims. Accordingly, the Court finds that Petitioner is not entitled leave to amend his petition.[4]

## CONCLUSION

Ultimately, the Court sees no reason to disturb its prior ruling. In his motion, Petitioner largely argued that he did not have notice that his claims were subject to the heightened pleading standards of 28 U.S.C. § 2254 Rule 2(c). This argument is meritless. As a result, Petitioner's Motion for Reconsideration is **DENIED.**

SO ORDERED this 21ST day of May 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

_____

[4] Petitioner also argues that he should be allowed to amend his prosecutorial misconduct claim related to a letter written by Michael Deal's daughter that the State did not disclose to Petitioner. (Doc. 95 at 15.) Petitioner maintains that because the State suppressed the letter Petitioner could not plead specific facts related to this claim. (Id. at 16.) In addition to the claim being insufficiently pled, the Court dismissed Petitioner's claim because Petitioner failed to establish any prejudice that warranted excusing the procedural default of the claim. (Doc. 81 at 40.) The Court sees no reason to disturb that finding. Accordingly, Petitioner is also not permitted to amend his prosecutorial misconduct claim.